**IN THE COURT OF APPEALS OF IOWA**

No. 21-0096
Filed February 22, 2023

**ROBERT JOHN THEDE,**
        Applicant-Appellant/Cross-Appellee,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Tama County, Chad Kepros, Judge.


        Applicant appeals the district court decision denying his request for postconviction relief.  The State cross-appeals the court's grant of relief on a sentencing issue. **AFFIRMED ON APPEAL; REVERSED AND REMANDED ON CROSS-APPEAL.**


        Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.


        Considered by Vaitheswaran, P.J., Schumacher, J., and Carr, S.J.* Chicchelly, J., takes no part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Robert Thede appeals the district court decision denying his request for postconviction relief (PCR). The State cross-appeals the court's grant of relief on a sentencing issue. Thede has not shown he received ineffective assistance because defense counsel did not adequately explain to him the rights he was giving up by waiving his right to a jury trial or because defense counsel did not fully advise him regarding a proposed plea agreement where he would have pled guilty to indecent exposure. We find Thede did not prove he was prejudiced by his counsel's failure to object during the sentencing hearing and reverse the PCR court's grant of relief on that ground.

## I.     Background Facts & Proceedings

The background facts of this case are adequately set out in *State v. Thede*, No. 15-0751, 2016 WL 5930417, at *1 (Iowa Ct. App. Oct. 12, 2016), and will not be repeated here. In FECR014046, following a bench trial, Thede was convicted of sexual abuse in the third degree, in violation of Iowa Code section 709.4(2)(c)(3) (2013); indecent exposure, in violation of section 709.9; and incest, in violation of section 726.2. Thede's convictions were based on his conduct with his teenage granddaughter. "The district court imposed indeterminate sentences of ten years, five years, and one year to run concurrently with each other but consecutively to the thirty-year term Thede faced on other matters." *Thede*, 2016 WL 5930417, at *1. Thede's conviction was affirmed on appeal. *Id.* at *5.

In the same time period of the criminal prosecution in FECR014046, Thede was facing criminal charges in two other cases. In FECR014040, Thede was convicted of distribution of a controlled substance to a minor. He was sentenced

to a term of imprisonment not to exceed twenty-five years, to be served consecutively to the sentence imposed in FECR014045. In FECR014045, Thede was convicted of willful injury causing bodily injury to a different granddaughter. He was sentenced to a term of imprisonment not to exceed five years, to be served consecutively to his sentence on the conviction for distribution of a controlled substance to a minor.

On February 16, 2017, Thede filed an application seeking PCR for his convictions in FECR014046. He claimed he received ineffective assistance because defense counsel (1) did not adequately explain the rights he was giving up when he waived his right to a jury trial, (2) failed to adequately urge him to accept a beneficial plea agreement, and (3) did not correct a district court misstatement during the sentencing hearing.[1]

A hearing was held on December 2, 2020. Thede testified that in FECR014040, he was convicted of giving a marijuana joint to his granddaughter, who was also the victim of the third-degree sexual abuse conviction. He testified that the two incidents—distribution of marijuana and third-degree sexual abuse— took place on the same day. Thede claimed the sentencing court mistakenly believed there were two different victims for these offenses and ordered the sentences to run consecutively, rather than concurrently. He stated that he received ineffective assistance because defense counsel did not object to the court's erroneous statement the two cases had two different victims.

---

[1] Thede also claimed defense counsel did not adequately investigate the case or properly impeach the State's witnesses. These issues have not been raised on appeal.

Thede testified defense counsel recommended a bench trial because "the judge is going to be bound by law to make his decision, as to where a jury would rule on emotion." He stated defense counsel spent about ten minutes talking about waiving his right to a jury trial. Thede additionally testified that defense counsel presented a plea agreement to him that would have involved pleading guilty to indecent exposure rather than third-degree sexual abuse. Thede refused the offer because he did not believe there was evidence of sexual motivation. He claimed defense counsel did not explain the penalties he would be facing if he accepted the plea offer.

Defense counsel testified he did not recall there was an issue regarding Thede being sentenced to consecutive sentences on a mistaken assumption there were multiple victims. Defense counsel stated he discussed with Thede the plea offer, including the sentence for indecent exposure. He testified:

> [The prosecutor] was not willing to—she wanted Mr. Thede to be a sex offender, and so there was no sort of agreement that she was willing to make where he was not a sex offender. He was not willing to do that, and so, yes, we were then going to proceed to trial.

Defense counsel testified he advised Thede to waive his right to a jury trial based on the factual circumstances of the case, including the fact that the victim was Thede's granddaughter.

The district court noted Thede signed a written waiver of his right to a jury and the court engaged him in a colloquy about the waiver before the bench trial began. The court found "counsel's suggestion that Thede waive jury represented a reasonable strategy." The court also found, "Thede was able to verbalize the reasoning for the choice to waive jury, and it is clear to the Court that Thede

understood that choice then and now." The court determined Thede did not show he received ineffective assistance of counsel on this issue.

Prior to Thede's criminal trial, the State made a record of a plea offer made to Thede, which was that in exchange for a guilty plea to third-degree sexual abuse the other charges would be dismissed. Thede rejected the offer on the record, stating he wished to go to trial. In addition, both Thede and defense counsel testified to a different offer that would involve pleading guilty to indecent exposure. The PCR court found:

> Thede might regret his choice now, but offers were relayed to Thede by his attorney, Thede had a sufficient understanding of the offers made, and Thede rejected the offers.
> The Court finds that Thede's claim of ineffective assistance of counsel in relation to the plea offers is without merit and should be denied.

In the PCR ruling, the court determined the district court was in error when stating the conviction for distribution of marijuana to a minor had a different victim than the convictions in this case. The court noted the court did not give any additional reasons for consecutive sentences. "The Court clearly and unequivocally stated that it was running its sentence consecutive to the sentence in FECR014040 because FECR014046 and FECR014040 involved different victims." The court determined the case should be remanded for resentencing.

Thede appealed the district court's ruling on his PCR application. The State cross-appealed, claiming the PCR court erred in finding Thede's defense counsel was ineffective for failing to object to a misstatement of fact in the sentencing court's explanation of reasons for making the sentences in this case consecutive to a sentence in a different case.

## II.  Standard of Review

Generally, PCR proceedings are reviewed for the correction of errors at law. *Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).  If a claim involves a fundamental constitutional right, however, such as the effective assistance of counsel, our review is de novo.  *Id.*  "On de novo review, 'we give weight to the lower court's findings concerning witness credibility,' [b]ut we are not bound by the lower court's determination."  *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (citations omitted).

## III.  Ineffective Assistance

In order to show ineffective assistance of counsel, Thede must show both a breach of an essential duty by counsel and prejudice "sufficient to undermine our confidence in the outcome."  *See State v. Swift*, 955 N.W.2d 876, 881 (Iowa 2021).  "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence.  Counsel's performance is measured objectively against the prevailing professional norms after considering all the circumstances."  *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020) (citation omitted).  Prejudice requires a showing that but for counsel's unprofessional errors, "the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

**A.**  Thede claims he received ineffective assistance because defense counsel did not adequately explain to him the rights he was giving up by waiving his right to a jury trial.  He contends defense counsel did not spend enough time counseling him regarding the defense of the case.

On October 30, 2014, Thede signed a written waiver of his right to a jury trial. The document states, "I have been fully advised of my statutory and Constitutional rights to a trial by jury and the ramifications of waiving the same by my attorney." Immediately before trial began on November 17, the court engaged in a colloquy with Thede regarding the waiver of his right to a jury trial.[2] At the end of the colloquy, the court stated, "I do find that that waiver is a knowing and voluntary and intelligent choice." The record does not support Thede's claim that he was not advised of the rights he was giving up by waiving his right to a jury trial.

In *Osborn v. State*, an applicant claimed "trial counsel was ineffective in advising him to waive a jury trial." 573 N.W.2d 917, 924 (Iowa 1998). Defense counsel responded that he recommended waiving a jury trial due to "the nature of the act and the potential for a life sentence." Defense counsel testified he discussed the issue with Osborn and they concluded they "might get a fairer shake with a judge rather than a jury." *Id.* The Iowa Supreme Court concluded, "Tactical decisions such as this are immune from subsequent attack by an aggrieved defendant claiming ineffective assistance of counsel." *Id.*

During the PCR hearing, both Thede and defense counsel testified to the reasons a bench trial was preferable to a jury trial based on the factual circumstances surrounding the offenses. Thede testified, "All we talked about was we'd have a better chance with a judge because he would have to base his ruling

---

[2] The court reviewed the offenses being charged and the potential penalties for those offenses. The court told Thede that instead of having twelve jurors decide the case, the court would decide whether Thede was guilty or not guilty. Thede stated that he understood the rights he was giving up.

on law, or he's bound to base it—he's supposed to base it on law anyway."

Defense counsel stated:

> I probably told him then the same thing that I would tell him now, that I don't think a jury would like to hear some of the allegations that were made even though they more or less, you know, may not be what he was charged with regards to drinking and drugs, and that there were a lot of unsavory things that were unrelated to the question about whether or not he was actually guilty of these offenses. And I believe that a jury would look—it would be extremely prejudicial and it would look not very favorably on him, and would be more inclined to convict him based upon the type of character that he had than whether or not he actually broke the law.

We find Thede has not shown he received ineffective assistance based on defense counsel's advice to waive the right to a jury trial and instead proceed with a bench trial. Generally, tactical decisions such as the decision to advise waiving the right to a jury trial "are immune from subsequent attack by an aggrieved defendant claiming ineffective assistance of counsel." *See id.*

**B.**      Thede contends he received ineffective assistance because defense counsel did not fully advise him regarding a proposed plea agreement where he would have pled guilty to indecent exposure. He states that if he had known of the penal consequences for a conviction of indecent exposure, which is one year in jail, he could have been convinced to accept the plea. *See* Iowa Code § 903.1. Thede asserts there was also a plea proposal for a guilty plea to indecent contact with a child, which carries a penalty of a term of imprisonment not to exceed two years. *See id.* Thede claims defense counsel should have saved him from himself by advocating more vigorously for the plea agreements.

At the PCR hearing, Thede stated defense counsel discussed an offer to plead guilty to indecent exposure. Thede testified:

[E]ven just indecent exposure requires a sexual motivation or some type of sexual-related element. And I said, well, there's nothing sexually related about this haircut and this body shave. I said, I don't want to go to trial—or, I mean, I don't want to be pleading to something that I didn't do.

When asked again about the plea offer, Thede stated, "No, there was no sexual gratification. That's why I didn't take the plea." Defense counsel stated, "[T]here was no sort of agreement that [the prosecutor] was willing to make where he was not a sex offender. He was not willing to do that, and so, yes, we were then going to proceed to trial."

The evidence does not support Thede's claim that he refused the plea agreement due to ineffective assistance of counsel. Thede testified that he refused the plea agreement because he did not want to plead guilty to a sexual offense. Defense counsel also testified that Thede was not willing to plead guilty to an offense where he would be a sex offender. We conclude Thede has not shown he received ineffective assistance from defense counsel.

## IV. Cross-Appeal

During the sentencing hearing for this case, FECR014046, the district court stated:

> The Court also orders that the sentences imposed here today be served concurrently with each other but consecutively with that imposed in FECR014040.[3] The reasons for that part of the sentence is the fact that the events that took place are all part of one continuous transaction. However, they should be consecutive because it involves another victim from the victim in 14040 and involved aggravated circumstances with another young person.

---

[3] In FECR014040, Thede was convicted of distribution of a controlled substance to a minor.

In this PCR action, Thede claimed the district court misstated the facts when it found FECR014046 and FECR014040 involved two different victims. He testified at the PCR hearing that the cases involved the same victim, his granddaughter, T.T. He also testified that the two offenses occurred on the same day. Thede asserted that he received ineffective assistance because defense counsel failed to object to the sentencing court's misstatement that led to the imposition of consecutive sentences.

The PCR ruling states:

> The reality is that the Court was in error. The minor in FECR014040 to whom Thede distributed marijuana was his granddaughter, T.T. No other victim was identified in FECR014040. The person who Thede committed a sex act upon for purposes of the conviction for Sexual Abuse in the Third Degree, the person he committed incest with, and the person to whom he exposed himself in FECR014046 is also his granddaughter, T.T. In addition, the offenses in FECR014046 and FECR014040 occurred on the same date.

The court concluded Thede received ineffective assistance because defense counsel did not object or correct the court's misunderstanding. The PCR court determined Thede should be resentenced.

The State cross-appeals on this issue. It claims the PCR court improperly found Thede received ineffective assistance during the sentencing hearing. The State asserts the PCR court made an error, not the sentencing court. It also asserts the court improperly presumed prejudice.

The trial information[4] for FECR014046 alleged Thede committed sexual abuse in the third degree on or about September 18, 2013, against T.T. and indecent exposure on the same date against the same victim. The trial information was later amended to include a charge of incest, alleged to have occurred on or about the same date against T.T. Following a bench trial, the court found Thede guilty of the charges. The court's written ruling discussed only the charges involving T.T.

The trial information in FECR014040 alleged Thede distributed a controlled substance, marijuana, to a person or persons under age eighteen on or about September 18, 2013. The trial information did not specify the individuals involved, but the minutes of testimony state both T.T. and C.Q. would testify Thede provided marijuana to them. Thede pled guilty to the offense. At the plea hearing, the prosecutor stated, "[T]his plea agreement does not include any charges relative to a named victim with the initials T.T." Thede told the court the minutes of testimony were substantially correct.

Thede was charged with willful injury causing serious injury, also against C.Q., in FECR014045. He pled guilty to the lesser offense of willful injury causing bodily injury along with the delivery of a controlled substance to minors in a combined proceeding. He was sentenced to five and twenty-five years respectively, to be served consecutively. This sentence was entered before the sentencing proceeding now before us.

---

[4] Some confusion may have arisen because one trial information was used for FECR014046 and FECR014045. The charges in FECR014045 involve events on August 27, 2012, against another granddaughter, C.Q. Trial on the charges involving T.T. were bifurcated from the charges involving C.Q.

At the sentencing hearing case in FECR014046, the prosecutor agreed that the sentences for crimes against T.T. should run concurrently with each other, but argued that they should be run consecutively to the "sentences previously imposed in matters relating to drug crimes and the offense against [C.Q.]."

After hearing a victim impact statement, argument from defense counsel, and Thede's allocution, the trial court passed the sentence now under examination. The trial court's conclusion to impose a consecutive sentence adopted the argument advanced by the prosecutor. The reference to a young person other than T.T. and to aggravated circumstances could be understood only to apply to C.Q. The trial court's reference to case FECR014040 was also correct in part. The drug charge involved C.Q, and possibly others. C.Q. is listed in the minutes of testimony for FECR014040 as having received marijuana from Thede. The fact that the willful injury against her was alleged under another case number that the court did not mention strikes us as at most a minor omission. The willful injury sentence had already been combined with and made consecutive to the drug charge identified in case FECR014040. All present would have understood the court's intent. The fact that no one before the court rose to object fortifies this observation. Had anyone done so, it is evident the court would have included the case number for the willful injury charge.

When considering whether the elements of a claim of ineffective assistance of counsel—breach of duty and prejudice—are proven, we think it clear that prejudice has not been proven. The PCR court was wrong to conclude otherwise.

We affirm the PCR court on the appeal and reverse and remand the court's decision on the cross-appeal.

**AFFIRMED ON APPEAL; REVERSED AND REMANDED ON CROSS-APPEAL.**